IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| 3081 MAIN STREET, LLC, individually and on behalf of a class of similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____ <br>) |
| v. | ) **Class Action** <br>) |
| APPCHEK, LLC, a Florida limited liability company, | ) **Jury Trial Demanded** <br>)<br>) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff 3081 Main Street, LLC brings this Class Action Complaint against Defendant Appchek, LLC ("Appchek") to stop Defendant's practice of sending unsolicited facsimile transmissions, and to obtain redress for all persons injured by its conduct. Plaintiff, for this Class Action Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

## NATURE OF THE CASE

1.  This case challenges Defendant's practice of sending unsolicited faxed advertisements to fax machines throughout the United States even when it knows or should know that it did not have the recipients' permission to receive advertising from Defendant and had no procedures in place to retain recipients' permission required by federal law.

2.  By sending these unsolicited facsimile transmissions, Defendant has violated consumers' statutory rights and caused recipients actual harm, not only because

the consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies receipt of unsolicited faxes, but also because in all instances recipients have to pay for paper and ink toner related to the receipt of unauthorized faxes which would have been otherwise used for authorized facsimiles.  Such transmissions also prevent the recipient fax machines from receiving authorized faxes, cause undue wear and tear on the fax machines, and require additional effort to discern the source and purpose of the unsolicited message.

3. In order to redress these injuries, Plaintiff, on behalf of itself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), which prohibits a person or entity from sending unsolicited facsimile transmissions.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease sending unsolicited faxes and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff is a Connecticut limited liability company with its principal place of business in Fairfield County, Connecticut.  Plaintiff maintains a fax line.

6. Defendant Appchek is Florida limited liability company with its principal place of business in Palm Beach County, Florida.  It does business throughout the United States, including this District.

## JURISDICTION AND VENUE

7.      The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically the TCPA, 47 U.S.C. § 227, *et seq.*

8.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District and a substantial part of the events giving rise to the claim occurred in this District.

## FACTS

9.      Sometime in November 2013, Defendant transmitted by telephone facsimile machine an unsolicited fax advertisement for its goods and services to a facsimile machine owned by Plaintiff, in violation of the TCPA. Attached as Exhibit A is a copy of the unsolicited fax advertisement Plaintiff received..

10.     The subject fax was transmitted from (954) 342-3939, which is a fax number owned and/or operated by JTH Tax, Inc. d/b/a Liberty Tax Service and/or its franchisee located in Bristol, Connecticut. *See* http://www.libertytax.com/bristol-connecticut-income-tax-preparation-locations.html.

11.     Plaintiff had no prior business relationship with Defendant or Liberty Tax Service, did not otherwise provide its permission to Defendant or Liberty Tax Service and never authorized Defendant or Liberty Tax Service to send such fax advertisement to Plaintiff's fax machine.

12.     There is no reasonable means for Plaintiff or any other class member to avoid receiving unauthorized faxes, as fax machines are generally left on to as to permit the receipt of important communications that their owners need or desire to receive.

13. Additionally, the subject faxed advertisement did not contain a legally sufficient opt-out notice pursuant to 47 U.S.C. 227(b)(2)(D) and 47 C.F.R. 64.1200 because, among other things, it is not clear and conspicuous and does not state that the sender's failure to comply with an opt-out request within the shortest period of time but not longer than 30 days is unlawful.

14. Upon information and belief, Defendant, and its agents including the operator of the ubiquitous opt-out toll-free fax number (800) 915-2571, has sent thousands of similar unsolicited facsimile advertisements throughout the state of Connecticut and elsewhere in the United States.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a class (the "Class") defined as all persons in the United States who were sent an unauthorized facsimile advertisement, or a facsimile advertisement without sufficient opt-out language, from fax number (954) 342-3939 within the four-year period prior to the filing of this Complaint.

16. Upon information and belief, there are hundreds, if not thousands, of members of the Class who are geographically dispersed, such that joinder of all members is impracticable.

17. Plaintiff will fairly and adequately protect the interests of the Class, its claims are typical of the claims of the members of the Class, and it has retained counsel competent and experienced in class action litigation. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of the members of the Class

and have the financial resources to do so. Neither Plaintiff nor its counsel has any interest adverse to those of the other members of the Class.

18. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the Class is impracticable; (b) absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and would have no effective remedy; and (3) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

19. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in sending the unauthorized and non-compliant fax advertisements at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

20. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) Whether Defendant violated the TCPA;

(b) Whether Defendant's facsimiles advertised its goods or services;

(c) Whether the advertisements transmitted by Defendant displayed the proper opt-out notice as required by 47 C.F.R. 64.1200;

(d) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent unsolicited fax transmissions;

(e)  Whether the Class members are entitled to treble damages based on the willfulness of Defendant's conduct; and

(f)  Whether Defendant should be enjoined from committing similar acts in the future.

## FIRST CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227: On behalf of Plaintiff and the Class)

21.  Plaintiff incorporates by reference the foregoing allegations.

22.  Defendant sent facsimile advertisements to Plaintiff and other members of the Class that were unsolicited and unauthorized, and that failed to display the proper opt-out notice required by 47 C.F.R. 64.1200.

23.  Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227, which requires proper opt-out notice on commercial facsimiles and which makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine. . . ."

24.  As a result of Defendant's illegal conduct, the members of the Class suffered actual damages and, under section 47 U.S.C. 227(b)(3)(B), are each entitled, *inter alia,* to a minimum of $500.00 in damages for each such violation of the TCPA.

25.  Because Defendant's misconduct was willful and knowing, as Defendant knew or should have known that the commercial facsimiles were unsolicited and unauthorized and that the opt-out notice was insufficient, the Court should, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the members of the Class.

WHEREFORE, Plaintiff 3081 Main Street, LLC, on behalf of itself and the Class, prays for the following relief:

6

a. An order certifying the Class as defined above;

b. An award of statutory damages;

c. An injunction requiring Defendant to cease sending unauthorized facsimile advertisements;

d. Reasonable attorney's fees and costs; and

e. Such further and other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 18, 2014

                                3081 MAIN STREET, LLC, individually and on behalf of a class of similarly situated individuals

                                One of Its Attorneys

David P. Healy (0940410)
dhealy@davidhealylaw.com
LAW OFFICES OF DAVID P. HEALY, PLC
2846-B Remington Green Cr.
Tallahassee, Florida 32308
Tel: (850) 222-5400
Fax: (850) 222-7339

Evan M. Meyers (*pro hac vice to be submitted*)
emeyers@mcgpc.com
MCGUIRE LAW, P.C.
161 N. Clark Street, 47th Floor
Chicago, IL 60601
Tel: (312) 216-5179
Fax: (312) 275-7895

David Pastor (*pro hac vice to be submitted*)
dpastor@pastorlawoffice.com
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue, 3d Floor
Boston, MA 02110
Tel: (617) 742-9700
Fax: (617) 742-9701

Preston W. Leonard (*pro hac vice to be submitted*)
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, LLP
139 Charles Street, Suite A121
Boston, MA 02114
Tel: (617) 329-1295

*Attorneys for Plaintiff 3081 Main Street, LLC and the Putative Class*

# EXHIBIT A



**Background Checks**
www.appchek.com

## AppChek BACKGROUND CHECKS DISCOUNTED PRICING FOR CT BUSINESSES and Organizations

**Help Reduce Your Exposure to Negligent Hiring!**

**Better Data, Better Prices, Better Service!**

Access AppChek Background Checks for the most inclusive, instant, on-line criminal and sexual offender searches in the industry. AppChek is recognized as having the most comprehensive criminal data available online and currently works with more 250 businesses and organizations in CT and more than 1,250 businesses throughout the US.

---

**STANDARD EMPLOYMENT/VOLUNTEER PACKAGE**
(Most widely used package for CT Businesses and Organizations)

**$17.00**
Per Applicant

*Includes "All" of the following searches
- Multi-State Criminal Search
- National Sex Offender Search
- FBI Most Wanted
- OFAC Terrorist Search
- Social Security Number Trace
- Alias Search (searches all alias names found for Criminal and Sex Offense for no additional fee!)

*The above package also includes: US Marshals Most Wanted, Secret Service Most Wanted, DEA Fugitive List, Interpol Most Wanted plus many other National and International security searches.

---

- **Instant** Internet Results
- **Easy** to Read Reports
- **No** Monthly Minimums
- **No** Setup Fees
- Searches are **FCRA Compliant!**

For More Information:
AppChek
Offices in FL and CT
P (888) 225-2565 ext. 255
customerservice@appchek.com





www.appchek.com

**Your trusted source for background checking services!**

To opt out from future faxes please call (800) 915-2571 ext. 56490 or fax (954) 342-3939.